UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMANDA RUIZ, individually and on behalf of all other similarly situated,<br><br>v.<br><br>PRESTIGE MAINTENANCE USA, LTD. | § § § § § § § § | CIVIL NO. 4:25-CV-805-SDJ<br>LEAD CASE |
| STEVEN MORAN, individually and on behalf of all other similarly situated,<br><br>v.<br><br>PRESTIGE MAINTENANCE USA, LTD. | § § § § § § § § | CIVIL NO. 4:25-CV-806-ALM |
| DAESHIA HURA, individually and on behalf of all other similarly situated,<br><br>v.<br><br>PRESTIGE MAINTENANCE USA, LTD. | § § § § § § § § | CIVIL NO. 4:25-CV-816-JDK |

**MEMORANDUM ORDER GRANTING IN PART PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

Plaintiffs in the three above-captioned cases seek consolidation under Federal Rule of Civil Procedure 42. They have done so through an identical motion filed in each case. *See* (Dkt. #6 in *Ruiz v. Prestige Maintenance USA, LTD*, Cause

1

Number 4:25cv805); (Dkt. #4 in *Moran v. Prestige Maintenance USA, LTD*, Cause

Number 4:25cv806); (Dkt. #6 in *Hura v. Prestige Maintenance USA, LTD*, Cause

Number 4:25cv816) (the "Consolidation Motion").[1] Specifically, Plaintiffs request that

the Court (1) consolidate the Related Actions pursuant to Rule 42(a) under the title

"*In re Prestige Maintenance USA Data Breach Litigation*," and (2) appoint Jeff Ostrow

of Kopelowitz Ostrow, P.A. ("Kopelowitz Ostrow"), John J. Nelson of Milberg Coleman

Bryson Phillips Grossman, PLLC ("Milberg"), and Andrew Shamis of Shamis &

Gentile, P.A. ("Shamis & Gentile") as Interim Co-Lead Class Counsel and Joe Kendall

of the Kendall Law Group, PLLC as Texas Local Counsel, pursuant to Rule 23(g)(3).

In their certificate of conference, Plaintiffs affirm that Defendant Prestige

Maintenance USA, LTD. ("Prestige") "does not oppose consolidation and takes no

position on leadership." *See* (Dkt. #6 in Cause Number 4:25cv805).

Having reviewed the Consolidation Motion and the record in each case, the

motion will be granted in part.

## I.

Plaintiff Amanda Ruiz filed her Class Action Complaint on July 26, 2025,

seeking to hold Prestige liable for disclosure of personally identifiable information

("PII") belonging to herself and approximately 65,452 other individuals affected by a

data breach incident in January 2025 (the "Data Breach"). *See* (Dkt. #1 in Cause

Number 4:25cv805). Thereafter, two other Related Actions were filed by Plaintiffs

Steven Moran and Daeshia Hura arising from the same Data Breach and operative

---

[1] The Court references all three actions collectively herein as the "Related Actions."

facts and asserting substantially identical claims on behalf of overlapping putative classes. *See* (Dkt. #1 in Cause Number 4:25cv806); (Dkt. #1 in Cause Number 4:25cv816). The cases brough by Moran and Hura have been transferred to this Court.

In the Related Actions, Plaintiffs allege that Prestige failed to implement reasonable data security practices to protect Plaintiffs' and the putative class members' PII, including their names and Social Security numbers, resulting in unauthorized access to this information. The Related Actions seek to remedy Prestige's alleged failures and the consequences arising therefrom. Following their receipt of letters informing them of the Data Breach, Plaintiffs each filed their complaints as putative class actions on behalf of themselves and all others affected by the Data Breach.

## II.

Rule 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quotation marks and citation omitted). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). The purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties." *Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985).

"Consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp.*, 712 F.2d at 989.

In their Consolidation Motion, Plaintiffs contend, and the Court agrees, that the Related Actions are substantially the same and consolidation is appropriate. Each lawsuit arises from the same common set of alleged operative facts, namely the same data breach event. And all Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. Under such circumstances, and in the specific context of multiple data breach actions, courts have found consolidation appropriate. *See, e.g.*, *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate where plaintiffs were "asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) (holding that common questions of law and fact permeated consolidated cases "aris[ing] from the same alleged data breach").

Consolidation will also avoid the risk of inconsistent judgments in the Related Actions. *See Lockhart*, 2024 WL 303253, at *2 ("Consolidation will ensure consistent rulings and promote judicial economy" where three cases have asserted "causes of action based on the same data breach resulting from the same cyberattack."); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be

tried separately before different judges[.]"). It will also reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for the three cases arising from the same data breach. *See Bayati v. GWG Holdings, Inc.*, 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023) (explaining that, where two actions "[made] nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "promote[d] judicial efficiency"); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Further, the Court finds that any prejudice to the parties resulting from consolidation will be minimal in comparison to these considerations. *See  Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *2 (S.D. Tex. Mar. 16, 2009) (approving consolidation of cases arising from a multi-vehicle collision where the cases shared common questions of law and fact, the risk of prejudice or confusion was "minimal," and such risk was "outweighed by the risk of inconsistent judgments should the cases be tried separately").

Finally, the Related Actions are procedurally positioned for consolidated treatment, as they are all pending before this Court and at the same early stage of proceedings, with each complaint filed within a one-week period, no discovery under way, and no dispositive motions pending. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. April 8, 2013) (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred").

For these reasons the Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding, which will preserve party and judicial resources.

### III.

It is **ORDERED** that the Consolidation Motion is **GRANTED in part**. The Related Actions shall be consolidated for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) (the "Consolidated Action") before this Court. *Ruiz v. Prestige Maintenance USA, LTD*, Cause No. 4:25cv805, is designated the Lead Case.

All parties are instructed to file any future filings in the Lead Case. The Court will enter one docket control order, one protective order, and one discovery order that will govern the entire Consolidated Action. The local rules' page limitations for

6

motions will apply to the Consolidated Action. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that other related cases are filed on the Court's docket that may also be appropriate for consolidation with this case.

All papers filed in the Consolidated Action shall be filed under the Lead Case and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE PRESTIGE MAINTENANCE USA DATA BREACH LITIGATION<br><br>This Document Relates To: | Master File No. 4:25-cv-00805 |

The case file for the Consolidated Action will be maintained under Master File No. 4:25-cv-00805. When a pleading is intended to apply to all Actions to which this Order applies, the words "ALL ACTIONS" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is not intended to apply to all Actions, the docket number for each individual Action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words: "This Document Relates To:" in the caption (*e.g.*, "No. 4:25-cv-00805").

All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

Pursuant to Federal Rule of Civil Procedure 23(g), and pending further order of the Court on this issue, the Court hereby appoints Jeff Ostrow of Kopelowitz Ostrow, John J. Nelson of Milberg, and Andrew Shamis of Shamis & Gentile as Interim Co-Lead Class Counsel and Joe Kendall of Kendall Law Group as Texas Local Counsel to act on behalf of the Plaintiffs and the putative class members in the Consolidated Action,[2] with the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

---

[2] The Court notes that the reference to "putative" class members in this Order is significant. There are no actual "class members" unless and until a class has been certified. *See Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (citing *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) for the proposition that "until certification there is no class action but merely the prospect of one").

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys

for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within thirty (30) days of the date of this Order. Defendant shall answer or otherwise respond to the consolidated pleading within twenty-one (21) days from the date on which Plaintiffs file the Consolidated Complaint. In the event that Defendant's response is a motion to dismiss, Plaintiffs shall have twenty-one (21) days to file their opposition brief, and Defendant shall have fourteen (14) days to file a reply brief in support of their motion.

This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**So ORDERED and SIGNED this 14th day of October, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE